# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2012

No. 11-40763
Summary Calendar

Lyle W. Cayce
Clerk

LEJONATHAN E. COX,

Plaintiff-Appellant

v.

CHUCK BISCOE, SHARON L. CARLILE; JANE DOE,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-486

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

LeJonathan E. Cox, Texas prisoner # 1104964, appeals the FED. R. CIV. P. 12(c) dismissal of his 42 U.S.C. § 1983 lawsuit asserting that his right of access to the courts had been violated. We review a district court's order granting a Rule 12(c) motion for judgment on the pleadings *de novo*, using the same standards applied to a Rule 12(b)(6) motion to dismiss. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209–10 (5th Cir. 2010).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40763

Cox's § 1983 lawsuit alleged that his legal mail had been interfered with, preventing him from timely appealing an order entered on May 26, 2009 ("the May 26 order"), in his 28 U.S.C. § 2254 proceedings.  The district court determined that dismissal was warranted because Cox had failed to demonstrate the requisite injury as he had not alleged that his lost appeal would have presented a nonfrivolous issue.  Cox now contends that the district court misapplied *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996), which he argues requires him to allege only that his efforts to pursue his appeal were impaired, not any likelihood of success on appeal.  Although he simultaneously appears to concede that *Lewis* requires him to demonstrate that his lost appeal presented a nonfrivolous claim, he nevertheless makes no argument that he had a nonfrivolous claim to raise on appeal from the May 26 order.

Cox does not now and did not in his complaint describe with any specificity the grounds on which he would have appealed the May 26 order had he received timely notice of it.  *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  Further, he waives by failing to brief any argument challenging the district court's determination that an appeal from the May 26 order would have been frivolous.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  As the district court concluded, Cox therefore fails to present sufficient facts that, if accepted as true, would show that he suffered any actual injury, as is required to state a denial-of-access claim.  *See Lewis*, 518 U.S. at 351-53.

The district court's judgment is AFFIRMED.